# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| United States of America | |
|---|---|
| v. | **ORDER OF DETENTION PENDING TRIAL** |
| Jacob Anthony Angeli Chansley | Case Number: MJ-21-05000-PHX-DMF |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established: *(Check one or both, as applicable.)*

☒ by clear and convincing evidence the defendant is a danger to the community and require the detention of the defendant pending trial in this case.

☒ by a preponderance of the evidence the defendant is a flight risk and require the detention of the defendant pending trial in this case.

## PART I -- FINDINGS OF FACT

☐     (1)    There is probable cause to believe that the defendant has committed
      ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 801 et seq., 951 et seq, or 46 U.S.C. App. § 1901 et seq.
      ☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332(b).
      ☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (Federal crimes of terrorism) for which a maximum term of imprisonment of ten years or more is prescribed.
      ☐ an offense involving a minor victim prescribed in .[1]

☐     (2)    The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

☒     (1)    There is a serious risk that the defendant will flee; no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☒     (2)    No condition or combination of conditions will reasonably assure the safety of others and the community.

☒     (3)    There is a serious risk that the defendant will obstruct or attempt to obstruct justice; or threaten, injure, or intimidate a prospective witness or juror.

---

[1] Insert as applicable: Title 18, § 1201 (kidnapping), § 1591 (sex trafficking), § 2241 (aggravated sexual abuse), § 2242 (sexual abuse), §2244(a)(1) (abusive sexual contact), § 2245 (offenses resulting in death), § 2251 (sexual exploitation of children), § 2251A (selling or buying of children), § 2252 et seq. (certain activities relating to material involving sexual exploitation of minors), § 2252A et seq. (certain activities relating to material constituting or containing child pornography), § 2260 (production of sexually explicit depictions of minors for importation into the U.S.), § 2421 (transportation for prostitution or a criminal sexual activity offense), § 2422 (coercion or enticement for a criminal sexual activity), § 2423 (transportation of minors with intent to engage in criminal sexual activity), § 2425 (use of interstate facilities to transmit information about a minor).

**PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION**
*(Check one or both, as applicable.)*

☒ (1) I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence as to danger that:

<u>As stated on the record in open court, the Defendant is detained as a danger based on Defendant's actions and statements as alleged and proffered by the Government.  Mr. Chansley's actions and words demonstrate that he is willing to participate in violent disruption of the work of the United States government.  His actions and words also shown that he is willing to participate in acts that put our elected officials as well as law enforcement officers and civilians in direct danger.  Despite Mr. Chansley's voluntary communications with federal investigators, the evidence before the Court confirm Mr. Chansley's motivations and capabilities to participate in similar unlawful acts while on pretrial release.  Mr. Chansley broke through barricades, unlawfully entered the Capitol Building, disobeyed police orders to leave, refused a police request to quell the crowd using his bullhorn, and instead ran up onto the dais where Vice President Pence had been presiding just minutes before and scrawled a threatening note. Mr. Chansley's willingness to very publicly attempt to obstruct the official duties of the United States Congress certifying the vote count of the Electoral College makes clear his disregard for the importance of following orders during official proceedings such as the D.C. District Court case now charging him with serious crimes. Further, on Twitter in late November 2020, Mr. Chansley has previously promoted identifying and then hanging those he believes to be traitors within the United States government. Mr. Chansley has expressed clear intent to return to Washington DC for President Elect Biden's inauguration and has the means to do so. See also Number 5, below, incorporated by reference.</u>

☒ (2) I find by a preponderance of the evidence as to risk of flight that:

☐ The defendant has no significant contacts in the District of Arizona.

☒ The defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance.

☐ The defendant has a prior criminal history.

☐ There is a record of prior failure to appear in court as ordered.

☐ The defendant attempted to evade law enforcement contact by fleeing from law enforcement.

☒ The defendant has a history of substance abuse.

☐ The defendant has ties to a foreign country.

☐ The defendant has used aliases or multiple dates of birth or false identifying information.

☐ The defendant was on probation, parole, or supervised release at the time of the alleged offense.

☐ The defendant is facing a minimum mandatory of incarceration and a maximum of <u>over 25 years in prison</u>.

☐ The Court incorporates by reference the findings in the Pretrial Services Report which were reviewed by the Court at the time of the hearing in this matter.

☒ In addition:

<u>As stated on the record in open court, the evidence is that Mr. Chansley's actions were contrary to the rule of law and were intentionally so. Based on the Defendant's actions and statements as alleged and proffered by the Government, the Court has no confidence that the Defendant will follow any release conditions set by the Court, particularly when Mr. Chansley disagrees with the condition. Further, Mr. Chansley was in the first group of insurrectionists who entered the Capitol building. Mr. Chansley wore horns, a furry coyote tail headdress, red, white and blue face paint, and tan pants. He was shirtless and carried a bullhorn and a six-foot-long spear with an American flag tied just below the blade. The Government points out that this costume is how Mr. Chansley is known and that Mr. Chansley's appearance in the costume is has made him notorious, but that without such face paint and costume, he is not widely known. Without this costume, Mr. Chansley has the benefit of anonymity, which would help him try to flee from prosecution. See also Number 5, below, incorporated by reference.</u>

☒ (3) The defendant does not dispute the information contained in the Pretrial Services Report, except:

☒ (4) The weight of the evidence against the defendant is great.

☒ (5) In addition:

<u>Mr. Chansley's actions disrupted democratic processes and the work of United States elected officials. Indeed, Mr. Chansley intended that his actions disrupt the workings of the United States Government. Mr. Chansley intended that his actions stop process for peaceful transition of power. Mr. Chansley's actions at our nation's capitol were not only frightening to those at the capitol, but to people across the United States of America. The evidence is that Mr. Chansley's actions were contrary to the rule of law and were intentionally so. While Mr. Chansley's income is limited and sporadic – indeed he has no regular employment and owns no real property- if Mr. Chansley were released, he would be able to garner the support, financial and otherwise, of likeminded persons to Mr. Chansley. Mr. Chansley has the means to flee, to obstruct justice, and to carry out his violent threats. His statements and actions demonstrate that there is a serious risk that the Defendant will attempt to or obstruct justice if released. There are no conditions the Court can set that would reasonably assure the safety of the community, reasonably assure his appearance at further court proceedings, and/or reasonably assure that Mr. Chansley did not attempt to or obstruct justice. The</u>

<u>Defendant could at any time cut off a GPS monitor. The Court has considered possible release conditions, including GPS monitoring, in making these findings.</u>

☐ (6) The defendant has submitted the issue of detention to the Court based upon the Pretrial Services Report.

## PART III -- DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

## PART IV -- APPEALS AND THIRD PARTY RELEASE

IT IS ORDERED that should an appeal of this detention order be filed with the District Court, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Judge.  Pursuant to Rule 59, FED.R.CRIM.P., Defendant shall have fourteen (14) days from the date of service of a copy of this order or after the oral order is stated on the record within which to file specific written objections with the District Court.  Failure to timely file objections may waive the right to review. *See* Rule 59, FED.R.CRIM.P.

IT IS FURTHER ORDERED that if a release to a third party is to be considered, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District Judge to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

Dated this 19th day of January, 2021.

_____
Honorable Deborah M. Fine
United States Magistrate Judge